No. 664 July 15, 2026 469

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. P.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. T. P.,
*Appellant.*

Baker County Circuit Court
24JU04376; A189461

Matthew B. Shirtcliff, Judge.

Submitted May 21, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Ariel Ashtamker, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Vacated and remanded.

**TOOKEY, P. J.**

In this juvenile dependency case, father appeals the judgment in which the juvenile court changed the permanency plan for his then-four-year-old child A from reunification to adoption. Father assigns error to the court (1) "conducting the permanency hearing without having earlier provided both parents *** a separate pre-hearing notice of the date, time, and place of the hearing"; (2) "denying parents' motion for a continuance and proceeding in mother's and father's absence thereby depriving them of their right to participate"; and (3) "changing [A's] permanency plan from reunification to adoption." As set out below, we conclude that the juvenile court erroneously determined that father received notice of the permanency hearing as required by ORS 419B.473 and, therefore, erred in denying father's motion for a continuance, proceeding with the permanency hearing in his absence, and changing A's permanency plan. We therefore vacate the permanency judgment and remand for further proceedings.

We review the denial of a motion for a continuance for abuse of discretion. *Dept. of Human Services v. E. M.*, 268 Or App 332, 335, 341 P3d 216 (2014). "Where, as here, the exercise of discretion turns on a predicate question of law, we review the legal question for legal error." *Dept. of Human Services v. E. L. P.*, 336 Or App 751, 756, 562 P3d 303 (2024).

The relevant facts are procedural. The juvenile court asserted jurisdiction over A in December 2024. The jurisdiction judgment states that "[a]ll parties present were notified of these court dates and are ordered to appear" and lists a "Permanency hearing" on "12/2/2025" at "8:30 a.m."

A year later, on December 2, 2025, the juvenile court held the permanency hearing, and father and mother were not present for the hearing. Father's counsel noted that he had "been in contact with [father]" and that he was "not sure if [father] *** was actually fully provided the date, time, and means and methods of appearance." Counsel then asked the court for a continuance.[1] Counsel for petitioner, the Oregon Department of Human Services (ODHS), responded

---

[1] Mother's counsel also asked for a continuance.

that, "statutorily, the notices should go to the parents' last addresses, as well as counsels' obligation to notify their clients," but noted, "however, in this particular case, Father was present in the courtroom for disposition when today's date and time at 8:30 was given on the record." ODHS did not offer copies of any written notices of the permanency hearing. ODHS's counsel asked to "move forward" with the permanency hearing.

The court stated:

"As far as Father, he was at the last hearing when this hearing date was set and was aware of the hearing and also the time. And well, he's also been—attempts to send this notice to his last address also has occurred.

"So I'm going to deny the continuances."

The court proceeded with the permanency hearing, allowing father's attorney to participate in the hearing on father's behalf, and ultimately ruled to change A's permanency plan from reunification to adoption.

Father argues that the juvenile court erroneously concluded that father received the notice of the hearing required by ORS 419B.473 and therefore erred in proceeding with the permanency hearing in his absence and changing A's permanency plan. *See Dept. of Human Services v. G. S.*, 304 Or App 542, 543, 466 P3d 716 (2020) (vacating permanency judgment where the "parent received no notice of [the] permanency hearing whatsoever," as ORS 419B.473(2) requires). Father contends that ORS 419B.473 "requires the court to provide the parents with a written notice document, not a verbal pronouncement" and that, "even if the court's notice at jurisdiction was sufficient as to father, the court nonetheless lacked authority to conduct the hearing because it had also failed to provide mother with ORS 419B.473 compliant notice, or any notice whatsoever."

ODHS does not dispute that ORS 419B.473(2) required the court to provide notice to father of the permanency hearing. Instead, ODHS contends that "the juvenile court during a December 2024 jurisdiction hearing provided him with notice of the date and time of the December 2025 permanency hearing" and that this satisfied ORS

419B.473(2)'s notice requirement, because nothing in ORS 419B.473 requires that the notice be in writing. ODHS also argues that father "cannot assert injury based on the court's alleged failure to provide mother with adequate notice."

ORS 419B.473 provides:

"(1)   The court may order that the child or ward or any other person be present during the hearing.

"(2)   *The court shall notify the parties listed in ORS 419B.470 and any other interested parties of the hearing. The notice shall state the time and place of the hearing.* Upon request of the court, the Department of Human Services or other legal custodian of the child or ward shall provide the court with information concerning the whereabouts and identity of such parties."

(Emphasis added). The statute thus requires that the notice of the permanency hearing include both the time and *the place* of the hearing.

Even assuming that ORS 419B.473(2)'s notice requirement could be satisfied by oral notice or a notation of a future permanency hearing written in a judgment, we conclude that the juvenile court's oral notice at the December 2024 jurisdiction hearing and written notation regarding the December 2025 permanency hearing in the December 2024 jurisdiction judgment in this case do not satisfy ORS 419B.473(2). We note that ODHS did not offer a transcript or recording of the December 2024 jurisdiction hearing at the permanency hearing and, instead, its counsel represented that father was present "when today's date and time at 8:30 was given on the record" at the jurisdiction hearing. ODHS did not contend below that the juvenile court notified father of *the place* where the permanency hearing would be held, nor does ODHS make such an argument on appeal. Moreover, as noted, the notation regarding the permanency hearing that the court wrote into the December 2024 jurisdiction judgment states only that the permanency hearing was scheduled for "12/2/2025" at "8:30 a.m." Nothing in the record before the juvenile court at the permanency hearing and now before us on appeal indicates that the court notified father of *the place* where the permanency hearing would be held, which ORS 419B.473(2) by its plain text requires.

We therefore conclude that the juvenile court erred in denying father's motion for a continuance, proceeding with the permanency hearing in father's absence, and ultimately in changing A's permanency plan from reunification to adoption. Accordingly, we vacate the permanency judgment and remand for further proceedings.[2]

Vacated and remanded.

---

[2] Given our disposition, we need not reach father's arguments regarding the lack of notice to mother of the permanency hearing.